IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER GREGORIO BRICENO ANDRADE,

      Petitioner,

      v.                                                      Case No. 2:25-cv-01240 KWR-JHR

KRISTI NOEM, *Secretary*, *U.S. Department of Homeland Security*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director*,
*Enforcement and Removal Operations*,
*United States Immigration and Customs Enforcement (ICE)*,
DORA CASTRO, *Warden*, *Otero County Processing Center*,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Javier Gregorio Briceno Andrade's Petition for Writ of Habeas Corpus (Doc.1), Petitioner's Motion to Compel Disclosure and Preserve Jurisdiction ("Emergency Motion") (Doc. 13) and Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus (Doc. 14). This matter turns on whether Petitioner's claims are mooted by his removal and whether Petitioner demonstrates that a mootness exception applies. Petitioner only challenges his detention and seeks release, and he never sought to amend his Petition to challenge his removal process. Due to his removal, the Petition is moot unless Petitioner can demonstrate that a mootness exception applies. Since Petitioner fails to demonstrate that an exception applies, the Court finds that the Petition is moot.

Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that Respondents' Motion to Dismiss (Doc. 14) is well-taken, and therefore, is **GRANTED**. Petitioner's Petition (Doc. 1) and Emergency Motion (Doc. 13) are **DISMISSED as moot**.

## BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States on September 16, 2022. Doc. 1 ¶¶ 1, 4 (Pet.); Doc. 1-2 at 11 (Exs.). Upon entering the United States, Petitioner was processed for expedited removal. Doc. 14-1 ¶ 5. He passed a credible fear interview on October 10, 2022, and was released from custody on parole. Doc. 1 ¶¶ 4, 27; Doc. 1-2 at 16–27.

Following an arrest and guilty plea to three misdemeanor charges in 2023, Respondents detained Petitioner. Doc. 1 ¶¶ 28–30; Doc. 1-2 at 53–54. On April 1, 2024, an immigration judge issued a removal order against Petitioner and simultaneously issued an order withholding removal to Venezuela. Doc. 1 ¶ 31; Doc. 1-2 at 2–6. He was then released on an order of supervision. Doc. 1 ¶ 32; Doc. 1-2 at 7–9.

On September 18, 2025, Petitioner was arrested on allegations of damaging a vehicle. Doc. 1 ¶ 36; Doc. 1-2 at 29–31. Petitioner was never charged, but he was transferred directly into Respondents' custody. Doc. 1 ¶ 39; Doc. 1-2 at 29–31. On February 13, 2026, Respondents removed Petitioner to Mexico. Doc. 14-1 ¶ 23 (Ortez Decl.).

On February 18, 2026, Petitioner filed his Emergency Motion (Doc. 13), and Respondents filed their Motion to Dismiss Petitioner's Writ of Habeas Corpus (Doc. 14) claiming that this matter is now moot. The Court ordered briefing about whether the Court possesses the authority to provide Petitioner the relief he requests in his Emergency Motion and whether the matter is moot. Doc. 15 at 1 (Order Revoking Reference and Order for Briefing). Petitioner filed his opposition to Respondents' Motion to Dismiss on March 4, 2026. Doc. 16 (Pet'r's Mem. Resp. Resp't's Mot. Dismiss).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## DISCUSSION

The outcome of this Petition turns on whether his removal moots the issue of his allegedly unlawful detention. Respondents argue that the Petition is moot. Doc. 14 at 2. Petitioner argues that the Court retains jurisdiction and that the matter is not moot. Doc. 16 at 2. In his Petition, Petitioner challenges and seeks relief from his detention, not his removal order or removal process. Doc. 1 ¶ 1. Petitioner never sought to amend his Petition, and thus, any claim beyond his allegedly unlawful detention is not properly before the Court. Petitioner has been released due to his removal. Therefore, there is not a live case or controversy before the Court, and the matter is moot.

I. **Petitioner's removal moots the matter.**

Petitioner argues that the Petition is not moot because the Court can still provide meaningful relief. *Id.* at 6. Respondents argue that Petitioner's challenge to his detention is mooted by his removal to Mexico. Doc. 14 at 2. Since Petitioner seeks relief from his detention—not his allegedly unlawful removal—and he has been released by his removal, the Court finds that the Petition is moot.

Section 2241(c)(1) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody under or by color of the authority of the United States." 8 U.S.C.

3

§ 2241(c)(1). A petitioner's release "does not automatically moot" his petition. *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Once a petitioner is released from custody, the inquiry becomes whether he meets an exception to the mootness doctrine. *Id.* A petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Id.* at 1257 (citations omitted).

Here, Respondents removed Petitioner to Mexico, and he is no longer in custody. Doc. 14 at 2. Throughout his Petition, Petitioner only challenges his detention. Doc. 1 ¶ 1. Upon being removed to Mexico, Petitioner is no longer in custody experiencing the effects of his allegedly unlawful detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release."). If this Court were to find Petitioner's detention unlawful and order release, the ruling would have no effect because Petitioner has already been released from custody. This is the hallmark of mootness. *See Kennecott Utah Cooper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) (noting that the core mootness inquiry is whether granting relief "will have some effect in the real world").

Petitioner argues that removal under these circumstances does not eliminate the Court's authority to issue appropriate relief or determine whether Respondents' actions complied with the law. Doc. 16 at 7. Petitioner lists several cases that purportedly demonstrate this authority. *Id.* But several of the cases he cites support the contrary finding that this matter is moot because he only challenges his detention. *See Xing Jian Yu v. Sessions*, No. 6:17-cv-06699-MAT, 2019 WL

4

4258892, at *3 (W.D.N.Y. Sep. 9, 2019) ("Because the only relief sought by Yu and obtainable from this Court was release from DHS custody, the Court finds that the Petition became moot upon his removal from this country, which terminated his custodial detention."); *see also So v. Reno*, 251 F. Supp. 2d 1112, 1124 (E.D.N.Y. 2003) ("Mr. So's challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS is moot. Since Mr. So has already been deported, it is impossible to grant his request for supervised release or release on bond or supervision until he can be deported."). A case Petitioner cites that found the matter not moot challenged the final order of removal, not the detention.[1] *See Gonzalez v. INS*, No. 1:01-cv-06229-HB, 2002 WL 31444952, at *4 (S.D.N.Y. Oct. 31, 2002) (noting that petitioner challenged his "final order of deportation," not his detention).

Even if the Court were to consider Petitioner's unlawful removal argument despite it not being in the Petition, the case Petitioner cites in which the court denied dismissing the matter as moot is inapposite. The respondents in that case violated a court order by removing the petitioner. *Reyes Vasquez v. Noem*, No. 2:25-cv-01146-JNP, 2026 WL 309631, at *1–2 (D. Utah Feb. 5, 2026) (noting that the respondents had removed petitioner in violation of the court's order, and respondents acknowledged the violation and attempted to facilitate the return of the petitioner). There is no comparable order in place here. Petitioner seems to suggest that the Court's order that the parties must "immediately alert the Court if any changes to Petitioner's detention . . . would affect the outcome of this habeas case" requires Respondents to notify the Court prior to any removal. Doc. 16 at 7. Not so. The order does not require that notice be given prior to the removal or transfer, just that notice be immediately given if any changes occurred that would affect the

---

[1] Even if Petitioner did challenge his final order of removal, which he did not, "judicial review of an order of removal" is barred by 8 U.S.C. § 1252(a)(5). *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1275 (10th Cir. 2018).

5

outcome of the case. *See* Doc. 9 at 3. Petitioner's removal did not occur in violation of the Court's order, and thus, *Reyes Vasquez* is inapposite.

      Petitioner argues that the Court can provide meaningful relief such as "judicial review of the legal authority for [his] re-detention," "compelling disclosure of all agreements and assurances provided by the Mexican government," and "ordering equitable remedies necessary to restore the status quo ante if the challenged detention and removal are found to have been unlawful." Doc. 16 at 6. His Petition seeks an order of "immediate release," declaratory judgment about the lawfulness of his detention, injunction from future arrests or detainment, attorney's fees and costs, and further relief that the Court deems proper. Doc. 1 at 17. Petitioner has been released by his removal to Mexico. Doc. 14-1 ¶ 23. Judicial review of the legality of his past detention would constitute an advisory opinion. *See Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007) (holding that a petitioner's claims for declaratory relief were moot after removal and declining to "issue an advisory opinion regarding the legality of [his] detention"). Compelling the disclosure of agreements and assurances provided by the Mexican government would not affect Petitioner's status as a detainee because he is no longer detained. Ordering an equitable remedy to "restore the status quo" would not make Petitioner any more released from Respondents' custody than he already is.

      Although it appears that an equitable order to facilitate Petitioner's return would have a real world effect, Petitioner's allegedly unlawful removal is not properly before the Court. The Petitioner challenges his detention and seeks immediate release, which has been accomplished, but Petitioner has not formally amended his Petition to challenge his allegedly unlawful removal. Thus, the claim, and his request for related equitable relief, is not properly before the Court. *See Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to consider a claim against

the United States not raised in the original complaint); *see also Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) ("We do not review these claims because [Petitioner] failed to assert them in his district court petition for habeas relief."). As such, the Court will not consider Petitioner's new claim alleging unlawful removal. Accordingly, unless one of the exceptions applies, the matter is moot.

Of the available exceptions to the mootness doctrine, Petitioner only raises collateral consequences.[2] The Court addresses whether there are sufficient collateral consequences stemming from Petitioner's detention that save this matter from mootness.

### A. Collateral Consequences

Petitioner contends that the Petition is not moot since there are several collateral consequences that remain despite his removal. Doc. 16 at 14. Petitioner points to issues concerning his visa application and potential removal to Venezuela. *Id.* at 13–16. The Court finds that these consequences do not flow from Petitioner's detention, rather they are the consequences of his removal which is an issue not properly before the Court.

The collateral consequences exception provides that a case is not moot "if there remains a secondary or collateral injury despite the resolution" of a petitioner's primary claim. *See Kan. Jud.*

---

[2] The voluntary cessation exception does not apply. Even if Petitioner's release is characterized as "voluntary cessation," Respondents would not be free to re-detain Petitioner as he has been removed to Mexico. *See Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1104 (10th Cir. 2023) (noting that the voluntary cessation exception does not apply when the allegedly wrongful behavior "is highly fact-and-context-specific, rather than conduct that is likely to 'recur' on similar facts and in the same context"). Further, this exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716 (10th Cir. 2004) (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)). There is no indication that Respondents removed Petitioner to evade judicial review as their policy to detain Petitioner is in furtherance of their goal to remove him. Petitioner is not a member of a certified class action which renders that exception inapplicable to this case.

*Rev. v. Stout*, 562 F.3d 1240, 1248 (10th Cir. 2009) (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). Entirely speculative or hypothetical consequences, however, do not defeat mootness. *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1115 (10th Cir. 2016). Thus, a case is moot "if no consequences can be foreseen or if foreseeable possible consequences seem remote." *Kan. Jud. Rev.*, 562 F.3d at 1248.

Petitioner argues that had "Respondents not redetained him in violation of the law, and thereafter removed him," he would have been able to manage his visa process from within the United States. Doc. 16 at 14. Petitioner improperly merges these events. If Petitioner was still detained by Respondents, his visa process could be managed from within the United States. Relatedly, Petitioner is concerned about his ability to prove that he "will be able to remain in the area for the period required to process the application" as required by 22 C.F.R. § 42.61 (2026). Doc. 16 at 14. Petitioner asserts that the "Administrative Agreement" from the Mexican government was valid only until March 1, 2026, which makes it unlikely that he can remain in Mexico for the entire time needed to complete the visa process. *Id.* This consequence does not flow from his detention. Petitioner could have remained detained and satisfied the regulation. *See Ferry*, 457 F.3d at 1132 (finding that a petitioner's "inability to return to the United States is a continuing injury that stems from his removal order, not his detention."). Further, Petitioner's argument about his visa petition remains speculative as the entire argument hinges on the visa petition's approval which had not occurred before his removal. *See* Doc. 16 at 14. Not only is this concern speculative, but it arises from his removal which is not an issue properly before the Court.[3]

---

[3] The cases Petitioner points to are unavailing. *See Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003) (finding that a petitioner did not allege sufficient collateral consequences to save his petition from mootness after deportation). None of the cases found collateral consequences arising out of a petitioner's detention, which is what the Petition here challenges. *See Tapia Garcia v. INS*, 237 F.3d 1216, 1218 (10th Cir. 2001) (finding sufficient collateral consequences that flowed from

8

Similarly, the consequence that Mexico may remove Petitioner to Venezuela is not a collateral consequence of his detention, which is the harm alleged in the Petition, *see* Doc. 1 ¶ 1; rather, that is the consequence of his removal. *See Ferry*, 457 F.3d at 1132 ("[The] inability to return to the United States is a continuing injury that stems from his removal order, not his detention."). Petitioner briefly argues that he also suffers concrete, redressable legal consequences such as "statutory inadmissibility consequences, additional barriers to his family-based immigration relief, and exposure to indirect refoulement." Doc. 16 at 2. However, as Petitioner asserts, these are legal consequences "flowing directly from his removal," *id.*, not from his detention which is the harm he seeks relief from, Doc. 1 ¶ 2. The Court must avoid issuing an advisory opinion on the legality of Petitioner's detention because there are no collateral consequences that save this matter from mootness. Both consequences flow from Petitioner's removal, not his detention. Accordingly, the collateral consequences exception does not prevent mootness.[4]

---

a petitioner's deportation and conviction, not detention); *see also Mendoza v. Jeffers*, 62 F. App'x 266, 268 (10th Cir. 2003) (finding sufficient collateral consequences that flowed from a conviction and deportation, not detention); *Chong v. Dist. Dir., INS*, 264 F.3d 378, 385 (3d Cir. 2001) (finding sufficient collateral consequences that stemmed from an order of removal, not detention).

[4] The Court finds that Petitioner's harm is not capable of repetition yet evading review. A case is deemed capable of repetition yet evading review when (1) the action is too short in duration "to be fully litigated prior to cessation or expiration," and (2) there is a "'reasonable expectation' that the same plaintiff 'will be subject to the same action again.'" *Audubon of Kan., Inc.*, 67 F.4th at 1104 (quoting *Kingdomware Tech., Inc. v. United States*, 579 U.S. 162, 170 (2016)). This exception is limited to "exceptional situations." *Id.* Petitioner cannot meet the second prong. It is unlikely that Petitioner will enter the United States and be detained again by Respondents. The Court cannot find a "reasonable expectation" that Petitioner will be subject to allegedly unlawful detention again. *See Audubon of Kan., Inc.*, 67 F.4th at 1104 (declining to apply the exception when it was "doubtful" that a new agreement would be made between the parties "with the same terms"). Accordingly, the Court declines to apply the exception.

## II. Petitioner's unlawful removal claim is not properly before the Court.

On February 18, 2026, Petitioner filed his Emergency Motion in which he requested that the Court order Respondents to file a sworn declaration detailing Petitioner's removal to Mexico, disclose Petitioner's "precise physical location and whether or not he is in foreign government custody within 24 hours," and document the terms and restrictions of any transfer to foreign custody. Doc. 13 at 5. Further, Petitioner requested that the Court consider an order directing Respondents to facilitate Petitioner's return and possible sanctions for Respondents to comply with the Court's orders. *Id.* Given that Petitioner's Emergency Motion seeks relief far beyond the relief sought in his Petition, the Court directed Petitioner to provide further briefing, within fourteen days of February 18, 2026, addressing the Court's authority to address this requested relief. Doc. 15 at 1.

Petitioner's Emergency Motion asserts new issues arising out of the allegedly unlawful removal of Petitioner. The Emergency Motion seeks to preserve jurisdiction and other various forms of relief, but it does not seek to amend the original Petition. *See* Doc. 13. Thus, any claim concerning Petitioner's allegedly unlawful removal is not properly before the Court and will not be considered. *See Parker*, 394 F.3d at 1319–20 ("We do not review these claims because [Petitioner] failed to assert them in his district court petition for habeas relief."); *see also Cone v. Dowling*, 809 F. App'x 523, 526 n. 3 (10th Cir. 2020) (declining to address a "claim [that] was not in [a petitioner's] original habeas petition"). The Petition before the Court concerns, and seeks relief from, Petitioner's allegedly unlawful detention. Petitioner is no longer detained. Thus, no live controversy exists for this Court to adjudicate, and the Court is powerless "to give opinions upon moot questions or declare principles of law" that cannot have a real world effect. *Chihuahuan*

*Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (citation omitted).[5] Accordingly, the Court finds that the matter is moot.

## CONCLUSION

Having found that Petitioner only challenged and sought release from detention, his removal moots this matter. Petitioner does not seek to amend his Petition, and thus, any claims for relief beyond his detention are not properly before the Court. Petitioner is no longer detained, and the Court cannot effectuate any relief that would remedy his detention. Therefore, his removal moots the matter.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Doc. 14) is **GRANTED** for reasons described in this Memorandum Opinion and Order. The Petition is dismissed without prejudice. The Court will enter a separate judgment.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) and Emergency Motion to Compel (Doc. 13) are **DISMISSED without prejudice as moot**.

　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　　KEA W. RIGGS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5] Since there is no live controversy before the Court, Petitioner's remaining due process and APA claims are moot as well. Doc. 1 at 17. The controversy as to the lawfulness of Petitioner's detention has been mooted by his removal.